**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GARY SMITH,

    Plaintiff,

v.

WACHOVIA MORTGAGE CORPORATION, et al.,

    Defendants.

3:12-cv-26-RCJ-VPC

**ORDER**

Currently before the Court is a motion to dismiss for failure to state a claim, to expunge the lis pendens on the property, and a request for sanctions (#5) filed by Defendant Quality Loan Service Corporation ("Quality"). For the following reasons, the Court grants Quality's motion to dismiss and expunge the lis pendens, but denies the request for sanctions.

**BACKGROUND[1]**

On or about September 5, 2007, Plaintiff Gary Smith purchased real property located at 18241 Alderwood Court, Reno, Nevada (the "Property"). (Deed of Trust (#5-1) at 1, 3). To finance the purchase of the Property, Smith obtained a loan in the amount of $206,910 from Wachovia Mortgage Corporation, which was secured by a deed of trust (the "Deed of Trust").

---

[1] Quality has attached copies of relevant publicly recorded documents in support of its motion. (*See* Exs. (#5-1 through #5-6)). The Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

(*Id.* at 2). The Deed of Trust named Wachovia Mortgage as lender, TRSTE, Inc. as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and beneficiary. (*Id.* at 1-2).

On April 22, 2011, MERS assigned all beneficial interest in the Deed of Trust to Wells Fargo Bank, N.A. (Assignment (#5-2)). Wells Fargo then executed a substitution of trustee on August 5, 2011, substituting Quality as trustee over the Deed of Trust. (Substitution of Trustee (#5-3)).

Smith defaulted on the loan secured by the Deed of Trust by failing to make the payment due on January 1, 2011. (Notice of Default (#5-4)). Quality began the foreclosure process by recording a notice of default on August 22, 2011. (*Id.*). Quality then recorded a notice of trustee's sale on December 23, 2011. (Notice of Trustee's Sale (#5-5)).

Smith filed this complaint in Nevada state court on January 5, 2012 against Wachovia Mortgage, TRSTE, Quality, Wells Fargo, Bosten Striegel, and Fannie Mae. (Compl. (#1-1) at 1). The complaint lists six causes of action, including (1) debt collection violations; (2) violations of the Unfair and Deceptive Trade Practice Act (NRS § 598.0923); (3) violation of the covenant of good faith and fair dealing; (4) violation of NRS § 107.080; (5) quiet title; and (6) fraud in the inducement and through omission. (*Id.* at 14-34). Smith also filed a notice of lis pendens on the Property the same day he filed his complaint. (Notice of Lis Pendens (#1-1)).

This dispute was removed to federal court by Quality on January 17, 2012. (Pet. for Removal (#1)). Quality then filed a motion to dismiss the complaint for failure to state a claim on January 19, 2012. (Mot. to Dismiss (#5)). In the same motion, Quality also seeks to have the lis pendens on the Property expunged and sanctions to be imposed on Smith's attorney, Rick Lawton, claiming the action is frivolous and unsupported. (*Id.* at 14-15). A hearing was held on these matters on April 23, 2012.

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

"[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

**I.   Motion to Dismiss**

Quality has filed a motion to dismiss all six causes of action against it for failure to state a claim and further seeks to have the lis pendens on the Property expunged. (Mot. to Dismiss (#5) at 16).

In Smith's first cause of action for debt collection violations under NRS § 649.370, Smith has failed to state a claim because none of the defendants are debt collectors as

required by the statute. NRS § 649.370 states that a violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., along with all regulations adopted under this Act is a violation of Nevada law. For a defendant to be liable for a violation of the FDCPA, the defendant must be classified as a "debt collector" within the meaning of the Act. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *McCurdy v. Wells Fargo Bank, N.A.*, 2010 WL 4102943, at *3 (D. Nev. 2010). A "debt collector" is defined by the FDCPA as a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. *Camacho-Villa v. Great W. Home Loans*, 2011 WL 1103681, at *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, at *2 (D. Nev. 2009)). As the defendants here are foreclosing on the Property pursuant to a deed of trust, they do not qualify as "debt collectors" within the meaning of the FDCPA, and consequently neither the FDCPA nor NRS § 649.370 apply.

The first cause of action additionally fails against Quality because it is a licensed foreign debt collector. Smith contends that Quality violated NRS § 649.370 and the FDCPA by sending collection notices without a license. (Compl. (#1-1) at 14). Quality however has presented evidence that it is in fact licensed as a foreign debt collection agency. (License (#5-6)). Because Quality does in fact have a license, the first cause of action lacks merit.

Smith's second cause of action alleging unfair and deceptive trade practices in violation of NRS § 598.0923 is also dismissed. Under the statute, a person engages in a deceptive trade practice when he or she knowingly conducts business without all required state, county or city licenses. NEV. REV. STAT. § 598.0923(1). The statute however explicitly states that the following activities do not constitute doing business in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and

security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. 80.015(1)(a), (g)-(h). Because the defendants in this mortgage case are not considered to have been doing business in Nevada, NRS § 598.0923 does not apply. Furthermore, this claim fails against Quality because, as stated above, Quality has the proper foreign debt collection licenses. (License (#5-6)). Accordingly, this cause of action is dismissed without leave to amend.

The Court also dismisses Smith's third cause of action for violation of the covenant of good faith and fair dealing. Nevada law holds that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 205). To succeed on a cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must show: (1) the plaintiff and defendant were parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

The defendants first allegedly violated the covenant of good faith and fair dealing by luring Smith into the initial loans by wrongfully declaring he qualified for the loans. (Compl. (#1-1) at 17-18). Yet to be actionable, the breach of the covenant must have occurred *after* the formation of the contract, not *before*. *Crow v. Home Loan Ctr., Inc.*, 2011 WL 3585466, at *3 (D. Nev. 2011). Smith also contends the defendants violated the covenant of good faith and fair dealing by offering Plaintiff consideration for loan modifications, falsely telling him the foreclosures would be postponed. (Compl. (#1-1) at 18). Yet he has provided no information that confirms the existence of a loan modification agreement or contract between the parties. *See Perry*, 900 P.2d at 338 (requiring the plaintiff to show the existence of a contract to state a claim for breach of the covenant of good faith and fair dealing). Finally, Smith argues the defendants violated the covenant of good faith and fair dealing by frustrating the legitimate purposes of the mortgage contract. (Compl. (#1-1) at 18-19). Foreclosing upon a loan where

5

such foreclosure is permissible by law and the Deed of Trust does not deprive Smith of any justifiable expectations as he consented to the arrangement.

Smith has also failed to state a claim under his fourth cause of action for violations of NRS § 107.080 because the foreclosure was proper. Wells Fargo and Quality had both been properly substituted as the beneficiary and trustee, respectively, prior to initiating the foreclosure process. (Assignment (#5-2); Substitution of Trustee (#5-3)). Smith also received all the notices required under NRS § 107.080 at the appropriate time. (Notice of Default (#5-4); Notice of Sale (#5-5)). Because all relevant parties were properly assigned and substituted, and because Smith was in default, the foreclosure was not defective. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, at *2 (D. Nev. 2009) (finding that as long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the foreclosure).

The fifth cause of action for quiet title lacks merit because Smith is in default and has not alleged he has paid the debt owed. A quiet title action may be brought by a party who claims an adverse interest in the subject property. NEV. REV. STAT. § 40.010. Quiet title actions are equitable in nature and it is generally required that a party that seeks equity must do equity. *Transaero Land & Dev. Co. v. Land Title of Nevada, Inc.*, 842 P.2d 716, 718 (Nev. 1992). For the plaintiff to do equity, it is generally required that the plaintiff tender the undisputed amount due on the note in order to challenge the validity of the foreclosure sale. *Davila v. BAC Home Loans Servicing, LP*, 2011 WL 3159146, at *2 (D. Nev. 2011). Quieting title to the Property would be inequitable here as Smith has failed to prove any of his other claims in the complaint. Smith has also defaulted on the loan and has failed to allege he has tendered or is willing to tender the amount owed on the debt.

Smith's sixth and final cause of action for fraud in the inducement and through omission fails because he has not alleged any fraudulent statements or omissions concerning the terms of the loan and because he has failed to satisfy the strict pleading requirements of Fed. R. Civ. P. 9(b). Under Nevada law, a claim of fraud requires the plaintiff to establish each of the

following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant's basis for making the representation was insufficient); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004). Pursuant to Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.' " *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

Smith has not alleged any false statements or omissions that were material to the terms of the loan. He only alleges that he was not made aware of the inner workings of the mortgage industry, which ultimately had no effect upon the loan agreement. As Smith has not alleged any false statements or omissions concerning the terms of the loan, he has failed to state a claim for fraud. Additionally, Smith's fraud allegations lack the specificity required by Rule 9(b) because he has failed to allege which of the defendants committed what alleged fraud, and when and where these fraudulent actions took place. The Court therefore dismisses Smith's sixth cause of action.

Accordingly, the Court grants Quality's motion to dismiss (#5) the complaint in its entirety without leave to amend and orders the lis pendens on the Property expunged. Moreover, the Court *sua sponte* dismisses all claims against the remaining defendants without leave to amend because Smith has failed to state a claim against them.

## II.     Request for Sanctions

Quality also seeks sanctions against Smith's attorney, Rick Lawton, for filing this action when there was absolutely no question that the foreclosure was statutorily proper. (Mot. to Dismiss (#5) at 15). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c)(2). Although Quality has described the conduct that it believes violates Rule 11(b), it has

not filed its request for sanctions in a separate motion as required by Rule 11(c)(2), but rather combined the request for sanctions with its motion to dismiss. (Mot. to Dismiss (#5) at 14-15). As Quality has failed to comply with the proper procedure for seeking sanctions, the request for sanctions is denied.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Quality's motion to dismiss and expunge lis pendens (#5) is GRANTED and the complaint is hereby dismissed without leave to amend.

IT IS FURTHER ORDERED that the Court *sua sponte* dismisses all claims against the remaining defendants without leave to amend as Plaintiff has failed to adequately state a claim against them.

IT IS FURTHER ORDERED that Quality's request for sanctions is DENIED.

DATED: This 3rd day of August, 2012.

_____
United States District Judge